IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | |
| Plaintiff, | No. CIV S-10-1617 MCE EFB PS |
| vs. | |
| SOLIH JORA; DANIEL JORA; HADECHA JORA, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

On April 12, 2010, defendant Solih Jora, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Sacramento County Superior Court.[1]  Plaintiff now moves to remand the action to state court and seeks an award of attorney's fees and costs based on defendant's improper removal.  Dckt. No. 14.  Plaintiff noticed the motion to be heard on October 6, 2010.  *Id.*

Court records reflect that defendant Solih Jora has not filed either an opposition or a statement of non-opposition to plaintiff's motion.  Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the

---

[1] This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

1

moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by September 22, 2010. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."[2] On September 27, 2010, defendant Daniel Jora filed an untimely opposition to plaintiff's motion to remand. Dckt. No. 15. Although untimely, the opposition was considered by the undersigned.

Motion to Remand

Plaintiff moves to remand this action to state court, arguing that there is no federal question jurisdiction since plaintiff's complaint alleges only a state law claim for unlawful detainer and does not allege any federal claims, and that there is no diversity jurisdiction since the amount in controversy is less than $75,000. Dckt. No. 14. Plaintiff also contends that the action should be remanded since the notice of removal was untimely and does not contain a "short and plain statement of the grounds for removal," as required by 28 U.S.C. § 1446(a).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to

---

[2] Additionally, Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, defendant's notice of removal states that this court has federal question jurisdiction "in light of Protecting Tenants At Foreclosure Act 2009 among other issues of law regarding false documents, denial of due process, circumvention of July 18, 2008 closure of federal bank IndyMac bank, F.S.B. by Office of Thrift Supervision, and the March 19, 2009 Federal Deposit Insurance Corporation conservatorship and sale of former IndyMac Federal Bank, FSB to OneWest Bank." Dckt. No. 1 at 2. However, a review of plaintiff's complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law. *Id.* at 12 (Compl.). Although defendant Daniel Jora argues in his opposition that the Protecting Tenants At Foreclosure Act of 2009 provides federal question jurisdiction, the presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leashold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here, plaintiff's one cause of action is for unlawful detainer under state law.[3] Therefore, no federal question is presented on the face of the complaint.[4]

---

[3] "Moreover, federal courts have held that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but indeed provides directives to state courts." Fannie Mae v. Lemere, 2010 WL 2696697, at *2 (E.D. Cal. July 6, 2010) (citing *Nativi v. Deutsche Bank Nat'l Trust*, 2010 WL 2179885 (N.D. Cal. 2010)).

[4] To the extent that defendants plans to raise defenses based on federal laws, the court lacks jurisdiction over those as well. Under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

3

1  Nor does the notice of removal establish that this court has diversity jurisdiction.  The
2  notice of removal states that defendant Solih Jora is a citizen of California and that plaintiff "is a
3  foreign corporation not registered to do business in California and a foreign agent of a principal
4  based in the Republic of Germany."  *Id.* at 2.  The notice of removal further states that the
5  amount in controversy "is yet to be determined."  *Id.*  However, diversity jurisdiction requires
6  complete diversity of citizenship among the parties, as well as a minimum amount in controversy
7  of over $75,000.  *See* 28 U.S.C. § 1332.  Here, defendant's notice of removal fails to establish
8  complete diversity since it does not establish the citizenship of plaintiff or the other defendants.
9  The notice of removal also does not establish that the amount in controversy in this action
10  exceeds $75,000.  The notice of removal states only that the amount in controversy "is yet to be
11  determined," and the complaint attached to the notice of removal specifically states that the
12  "Amount demanded does not exceed $10,000."  Dckt. No. 1, at 12.  "Since 'it [was] not facially
13  evident from the complaint that more than $75,000 [was] in controversy,' [defendant] should
14  have 'prove[n], by a preponderance of the evidence, that the amount in controversy [met] the
15  jurisdictional threshold.'"  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)
16  (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1909 (9th Cir.2003)).
17  Here, not only did defendant fail to submit proof that the $75,000 threshold is met, but he failed
18  to even assert that it is.  Accordingly, defendant has failed to establish that this court has
19  diversity jurisdiction over the action.[5]
20  ////
21  ////
22  ////
23  ////

---

[5] Further, because defendant Solih Jora is a citizen of California, removal to this court was improper under 28 U.S.C. § 1441(b), which provides that diversity "action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

4

Because defendant has not adequately established that plaintiff's complaint alleges a federal claim or that this court has diversity jurisdiction, the undersigned will recommend that this action be remanded to state court.[6]  *See* 28 U.S.C. § 1447(c).

Request for Attorney Fees and Costs

Plaintiff also seeks an award of reasonable attorneys' fees and costs in the amount of $2,100.00, pursuant to 28 U.S.C. § 1447(c), based on defendant's improper removal. Dckt. No. 14. Plaintiff contends that costs and fees should be awarded because "[c]learly established state and federal law unequivocally prohibit removal under the circumstances of this case," and because the "improper request for removal . . . frustrated the summary nature of the unlawful detainer action against them and has forced the prolonged expenditure of resources in both state and federal court." *Id.* Plaintiff further contends that "Defendants filed the removal to this Court for one purpose: harass Plaintiff by causing further litigation expenses, cause unnecessary delay and otherwise seek to impede Plaintiff's rights to recover possession of real property, which it lawfully owns." *Id.*

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees under section 1447(c) is discretionary and there is no presumption in favor of or against granting fees and costs. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Here, although defendant's removal was improper, defendant is proceeding *pro se* in this action, and there is no evidence that he filed the notice of removal in bad faith or to "harass" plaintiff, as plaintiff suggests. Therefore, the undersigned will recommend that plaintiff's request for an

---

[6] Further, although Solih Jora is the only defendant who signed the notice of removal, he did not explain the absence of the other defendants from the notice of removal. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (noting that absent such an explanation, a removal notice is "facially deficient"). Regardless, a motion to remand based on procedural defects in the removal must be made within thirty days after the removal notice is filed in federal court. 28 U.S.C. § 1447(c); *N. Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). Here, defendant's notice of removal was filed on June 25, 2010, but plaintiff's motion to remand was not filed until August 12, 2010.

5

1  award of attorneys' fees and costs be denied.

2  Accordingly, IT IS HEREBY ORDERED that:

3  1. The hearing date on plaintiff's motion to remand, Dckt. No. 14, is vacated; and

4  2. The status (pretrial scheduling) conference currently set for hearing on November 3,

5  2010, is vacated.[7]

6  Further, IT IS FURTHER RECOMMENDED that:

7  1. Plaintiff's request for attorney fees and costs, Dckt. No. 14, be denied;

8  2. Plaintiff's motion to remand Dckt. No. 14, be granted; and

9  3. The above-captioned case be REMANDED to the Superior Court of the State of

10 California in and for the County of Sacramento.

11 These findings and recommendations are submitted to the United States District Judge

12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13 after being served with these findings and recommendations, any party may file written

14 objections with the court and serve a copy on all parties.  Such a document should be captioned

15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16 shall be served and filed within fourteen days after service of the objections.  Failure to file

17 objections within the specified time may waive the right to appeal the District Court's order.

18 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

19 Cir. 1991).

20 Dated: October 1, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[7] As a result, the parties are not required to submit status reports as provided in the June 25, 2010 order. *See* Dckt. No. 2. However, if the recommendation of remand herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.